1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNY STEWARD,                          No.  2:16-cv-2701 AC P

12                    Plaintiff,

13        v.                                 ORDER

14   G. THUMSER, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                              1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3        II.    Statutory Screening of Prisoner Complaints

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that

8    "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. §

9    1915A(b).

10       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

13   meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

14   885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

15   on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

16   U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

17   has an arguable legal and factual basis.  Id.

18       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   However, in order to survive dismissal for failure to state a claim, a complaint must contain more

23   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24   allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

25   omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

26   merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

27   (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

28   ed. 2004)).

2

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The complaint alleges that defendants Thumser, Vivas, Black, Champlin, Anthony, Perez, and Dooley violated plaintiff's constitutional rights when they deprived him of his personal property.[1] ECF No. 1 at 2-13. Specifically, he alleges that defendants either lost his property during his transfer or inappropriately confiscated or destroyed property he was permitted to have. Id. Plaintiff also makes allegations regarding the processing of his administrative appeals, but with the exception of defendant Thumser, it is not clear which defendants, if any, he is claiming refused to process or denied his appeals. Id.

Plaintiff has also filed a motion for leave to amend the complaint to add a jury demand. ECF No. 9. The motion is granted to the extent the complaint is being dismissed with leave to amend and plaintiff is free to include a jury demand in his amended complaint.

IV.    Failure to State a Claim

A.    Property Claim

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate

---

[1] To the extent that Claim I alleges facts that might support a deliberate indifference claim (ECF No. 1 at 5), the allegations are against non-defendants and are the subject of plaintiff's lawsuit in Steward v. Thumser, 2:16-cv-1232 TLN KJN. Since plaintiff is pursuing these allegations in a separate action, they will not be considered here.

3

post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the instant case, plaintiff claims that defendants lost, destroyed, and confiscated property he was permitted to have under policy and that other inmates he was housed with were permitted to have (ECF No. 1 at 5-13), making the deprivations unauthorized. Accordingly, plaintiff's property claims are not cognizable and must be dismissed.

B.     Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, plaintiff's claims that defendants denied or failed to process his grievances must be dismissed.

C.     Retaliation

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

4

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns.").

Plaintiff makes general assertions that defendants' actions were retaliatory in nature, but he fails to identify what protected action he took that prompted the retaliation. ECF No. 1 at 5, 9. Because he could potentially allege additional facts that would state a claim for retaliation, plaintiff will be given an opportunity to amend the complaint.

V.   Leave to Amend

Plaintiff shall be given an opportunity to amend the complaint. He is free to reassert his property and grievance claims in an amended complaint. If he chooses to do so, the undersigned will recommend that such claims be dismissed for the reasons explained above.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief.  Your property claims do not state a claim because the state provides an adequate post-deprivation remedy.  Your claim that your grievances were not processed or denied also fails to state a claim because there is no separate right to a grievance process.  Your retaliation claim is also being dismissed because you have not stated what protected action you took (i.e. filing a complaint or grievance) that you believe caused defendants to retaliate against you.  You are being given a chance to amend the complaint to try and provide more information that would support a claim.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

1    3.   Plaintiff's motion to amend the complaint to add a jury demand (ECF No. 9) is

2    granted.

3    4.   Plaintiff's complaint is dismissed with leave to amend.

4    5.   Within thirty days from the date of service of this order, plaintiff may file an amended

5    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

6    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

7    number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

8    original and two copies of the amended complaint.  Failure to file an amended complaint in

9    accordance with this order will result in dismissal of this action.

10    6.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

11    form used in this district.

12   DATED: February 26, 2018

13

ALLISON CLAIRE
14   UNITED STATES MAGISTRATE JUDGE