UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>v.<br><br>G. THUMSER, et al.,<br><br>    Defendants. | No. 2:16-cv-2701 AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The original complaint was screened and dismissed with leave to amend (ECF No. 16), and plaintiff's first amended complaint is now before the court (ECF No. 19).

    I.    <u>First Amended Complaint</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    The first amended complaint alleges that defendants Thumser, Dooley, Black, and Anthony violated plaintiff's constitutional rights when they deprived him of his personal property. ECF No. 19 at 2-19. Specifically, plaintiff alleges that defendants either lost his

property during his transfer or inappropriately confiscated or destroyed property he was permitted to have. Id. Plaintiff also makes allegations regarding the processing of his administrative appeals related to the property loss. Id.

  II.   Failure to State a Claim

    A.   Property Claim

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

In the instant case, plaintiff claims that defendants lost, destroyed, and confiscated property he was permitted to have under the applicable policy, and that other inmates he was housed with were permitted to have (ECF No. 19 at 2-19), making the deprivations unauthorized. As the court explained in screening the original complaint, plaintiff's property claims are not cognizable and they must be dismissed.

    B.   Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Prison officials are not required under federal law to process inmate grievances in any specific way. Plaintiff's claims that prison officials denied or refused to process his grievances do not state a cognizable claim for a violation of his due process rights because there is no right to a particular grievance process or response. See, e.g., Towner v. Knowles, No. 2:08-cv-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS 108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a

deprivation of his federal rights after defendant allegedly screened out his inmate appeals without any basis); Williams v. Cate, No. 1:09-cv-0468 OWW YNP PC, 2009 WL 3789597, at *6, 2009 U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, plaintiff's claims that defendants denied or failed to process his grievances must also be dismissed.

III. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Plaintiff's claims that defendants deprived him of his property and refused or failed to process his appeals do not state viable claims for relief. Given the nature of the claims, any further attempt to amend would be futile and it will therefore be recommended that the first amended complaint be dismissed without leave to amend. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile." (citation omitted)).

IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your first amended complaint be dismissed without leave to amend. The court has already explained that claims for deprivation of property and not granting or processing grievances do not state claims for relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

3

1    IT IS FURTHER RECOMMENDED that the first amended complaint (ECF No. 19) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE